## SUPREME COURT.

JOHN JAY, receiver, &c., appellant, agt. WILLIAM H. DE GROOT, THEODORE R. B. DE GROOT, and others, respondents.

Where an agreement is entered into between a creditor and his debtors for *staying the entry of judgment* against the latter, on certain conditions and payments being performed, and during the performance of the agreement by the debtors, the creditor without any previous notice to the debtors enters up judgment, issues execution and levies upon the debtors' property, the judgment and execution will be set aside with costs, and the judgment cancelled, even if the agreement was unlawful and could not be enforced by legal process.

*New York General Term, May,* 1864.

*Before* LEONARD, *P. J.,* CLERKE *and* WELLES, *Justices.*

APPEAL from order at special term setting aside and cancelling the judgment entered in this action on the 11th of June, 1862, for $2,279.09 against the above defendants, William H. and Theodore R. B. De Groot, for a deficiency arising on foreclosure of mortgage and the execution issued thereon, and that plaintiff be restrained from issuing execution thereon.

Jay agt. De Groot.

By the court, WELLES, J.   We incline to think the agreement set forth in the respondents' papers was unlawful and could not be enforced by legal process.   If it was a valid agreement, the defendants' right to relief, and to have the judgment set aside, and to be restored to the same condition they were in before it was entered, is clear.   There is no contradiction of the facts stated in the affidavits on the part of the defendants, and they show that the judgment was entered up in palpable violation of the agreement.

On the other hypothesis that the agreement was unlawful, we think the same result substantially should follow. The agreement appears to have been entered into in sincerity, and under it the defendants have been induced to make large payments in money, and have done and performed everything on their part required by the agreement, and undoubtedly under the supposition and belief that the agreement was valid and binding upon both parties.   If the plaintiff or his attorney intended to disaffirm or repudiate it, good faith required of them to apprise the defendants of such intention, in time to enable them to defend themselves against the proceeding of the plaintiff in entering up and perfecting the judgment.   Instead of which the defendants were allowed to proceed in the performance of the agreement on their part, with the knowledge and participation therein of the plaintiff or his attorney, without an intimation on the part of the latter, that the agreement was not to be fully executed and performed by all the parties, until the sheriff called upon the defendants with the execution and levied upon their store of goods.   To allow the plaintiff to retain his judgment and execution, would be to give him an unjust and unconscientious advantage.

The order of the special term should   therefore  be affirmed, with $10 costs.

LEONARD, J.   I think the entry of judgment was invoking the aid of the court at a time . when, if notice had been

served so that the other party could have been heard, the leave to enter judgment would have been denied.

The judgment should be set aside, with costs.

CLERKE, J., concurred.